UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MONTE BARTON,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social<br>Security,<br><br>　　　　Defendant. | No. CV-05-3018-CI<br><br>ORDER DENYING PLAINTIFF'S<br>MOTION FOR SUMMARY JUDGMENT<br>AND DIRECTING ENTRY OF<br>JUDGMENT FOR DEFENDANT |

BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 14, 17), submitted for disposition without oral argument on September 26, 2005. Attorney D. James Tree represents Plaintiff; Special Assistant United States Attorney Stephanie R. Martz represents Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 7.) After reviewing the administrative record and the briefs filed by the parties, the court **DENIES** Plaintiff's Motion for Summary Judgment and directs entry of judgment for Defendant.

Plaintiff, 40-years-old at the time of the administrative decision, filed applications for Social Security disability benefits on July 23, 2002, alleging onset as of September 30, 1993, due to mental impairments. (Tr. at 67.) Plaintiff, a high-school graduate, had relevant past work as a cannery worker and assembler.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 1

(Tr. at 17.)  Following a denial of benefits at the initial stage and on reconsideration, a hearing was held before Administrative Law Judge Arnold Battise (ALJ).  The ALJ denied; review was denied by the Appeals Council.  This appeal followed.  Jurisdiction is appropriate pursuant to 42 U.S.C. § 405(g).

**ADMINISTRATIVE DECISION**

The ALJ concluded Plaintiff met the non-disability requirements for a period of disability and was insured for benefits through December 31, 1994.  Plaintiff had not engaged in substantial gainful activity and had severe anxiety disorder, but that impairment was found to not meet the Listings.  The ALJ concluded Plaintiff's testimony was not fully credible and that he retained the residual capacity to perform work which did not involve working with the general public or in close proximity to others.  (Tr. at 22.)  The ALJ found Plaintiff was able to perform his past relevant work; thus, he concluded there was no disability.

**ISSUES**

The question presented is whether there was substantial evidence to support the ALJ's decision denying benefits and, if so, whether that decision was based on proper legal standards. Plaintiff asserts the ALJ erred when he improperly conducted a step four analysis.

**STANDARD OF REVIEW**

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a

preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Comm'r of Soc. Sec. Admin.* 169 F.3d 595, 599 (9th Cir. 1999).

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

**SEQUENTIAL PROCESS**

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . " 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.
>
> In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 3

licensed medical professionals." *Id.* (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

## ANALYSIS

Plaintiff asserts the ALJ failed to properly conduct a step four analysis, including a proper determination of Plaintiff's residual capacity in light of his mental impairments, including a panic disorder, the demands of his past relevant work, and his ability to perform his past relevant work in light of his residual capacity. Defendant responds the residual capacity accounted for all of the impairments evidenced by the medical record based on Dr. Bailey's report there was insufficient evidence prior to October 21, 2002, to assess any limitations. (Tr. at 20, 126.) Defendant further contends reliance on family recollection was insufficient to establish disability, particularly in light of the fact Plaintiff did not seek medical treatment until October 1997. (Tr. at 102-03.) Finally, the ALJ's conclusion was supported by Dr. Toews' report in 2002 that indicated a GAF of 68, no restrictions as to activities of daily living, an ability to remember multi-step directions and detailed instructions, and regular interaction with select friends.

Plaintiff has alleged an onset date of disability as of September 30, 1993 (Tr. at 47), with a date of last insured of December 31, 1994 (Tr. at 50).[1] Thus, the medical evidence must establish objective evidence of disability prior to those dates. There has been no step two challenge to the ALJ's conclusion and

---

[1] Plaintiff had reported earnings of $4,102.61 in 2001 (Tr. at 50); giving Plaintiff the benefit of the doubt, the ALJ concluded this work was not substantial gainful activity. (Tr. at 17.)

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 4

Plaintiff's admission at the administrative hearing that he suffered from severe anxiety as of the onset date, but that depression was diagnosed after the date of last insured. (Tr. at 19, 153.) Thus, the ALJ concluded depression had no more than a minimal effect on Plaintiff's ability to work.

Plaintiff contends the ALJ failed to take into account medical evidence that he suffered from severe panic attacks as found by Drs. Bailey, Harman, Toews, and Drlik; however, there is no evidence to support such a conclusion relevant to the onset date or date of last insured. Additionally, there is no challenge to the ALJ's finding that Plaintiff's testimony was not fully credible.

There is no medical record prior to 1997 other than an emergency room visit for an esophageal abrasion.[2] (Tr. at 99-100.) Evidentiary statements provided by members of Plaintiff's family were accepted by the ALJ as the basis for a finding of severe anxiety impairment, but not as to disability. This was so because there was no clear indication of a time frame with respect to limitations and there were statements Plaintiff was involved playing electric lead guitar and making art pieces out of metal, wood, stone or glass, as well as performing other odd jobs. (Tr. at 20-21.)

The first treatment for anxiety and/or depression occurred in 1997, when Plaintiff was evaluated by John M. Drlik, M.D., for a return of panic attacks which had become symptomatic the prior two months. (Tr. at 102.) Plaintiff reported he was doing better with

---

[2]The record remained open for a period of time following the administrative hearing to permit the submission of additional records, but none were made available. (Tr. at 149.)

Prozac. Dr. Drlik's diagnosis was panic attacks with agoraphobia with secondary depression and a global assessment of functioning of 55, indicative of moderate limitations in functioning. DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS, FOURTH EDITION (DSM-IV), at 32 (1995). Dr. Drlik did not indicate Plaintiff had been suffering from his condition or that level of impairment prior to the date of last insured.

No medical records are available again until 1999 when Plaintiff reported to Central Washington Mental Health for counseling following the end of a relationship. (Tr. at 112.) Plaintiff reported in an examination by Dr. Toews in 2002 that he had worked steadily for ten years until 2001 in a scrap yard[3] and was then working in 2002 one to three hours per day buying and selling antiques. (Tr. at 118.) There is additional evidence of work at an agate shop during 2001, but that work ceased when Plaintiff began having difficulties with the new owner.

The ALJ concluded Plaintiff had no physical limitations (and the record supports that conclusion) with mental impairments limited to minimal contact with the public and co-workers. These limitations are supported by the record, specifically Dr. Toews' findings (Tr. at 120) and Dr. Bailey's reiteration of those findings. (Tr. at 123.) It also is supported by the lack of medical evaluations or treatment, the work history, and the failure of any examining physician to find disability as of the date of last insured or alleged onset date. Based on the limitations found by

---

[3]Plaintiff's earnings for these activities were not reported. (Tr. at 50.)

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 6

Drs. Toews and Bailey, the ALJ concluded Plaintiff could perform his past relevant work as a cannery worker or assembler, as those jobs were described by Plaintiff.[4]  (Tr. at 21, 69, 70.)

The ALJ must examine the claimant's "residual functional capacity and the physical and mental demands" of the claimant's past relevant work, 20 C.F.R. § 404.1520(e), at step four of the sequential process.  To find the claimant is not disabled at step four, he or she must be able to perform either (1) the actual functional demands and job duties of a particular past relevant job; or (2) the functional demands and job duties of the occupation as generally required by employers throughout the national economy. *Pinto v. Massanari*, 249 F.3d 840, 844-45 (9th Cir. 2001).  Although the burden of proof is on the claimant at step four, the ALJ still has the duty to make the requisite factual findings to support his conclusion. SSR 82-62 (1982).

Regulations require the ALJ undertake a "function-by-function" analysis of the claimant's capacity to work according to exertional categories.  The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including

---

[4]There is some agency evidence those jobs were not within Plaintiff's limitations (Tr. at 82); the agency concluded other jobs he could perform were baker helper, crate opener, and dairy helper. (Tr. at 83.)  It is not clear whether the rejection of assembler or cannery worker contemplated work as routinely performed in the national economy versus performed by Plaintiff.  Nonetheless, Plaintiff has not argued error based on this discrepancy.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 7

the mental functions in paragraph (c) of 20 C.F.R. § 404.1545. The ALJ considered the mental limitations noted by Drs. Toews and Bailey, and compared the limitations involving public contact and working in coordination with others with the job analyses completed by Plaintiff. There was no indication his prior work as cannery worker or assembler required frequent contact with the public or working closely with co-workers. (Tr. at 69, 70, 71.)

Plaintiff argues the ALJ should have considered all of the limitations noted by Dr. Bailey, including moderate limitations in ability to maintain attention and concentration, perform activities within a schedule, work in coordination with others, complete a normal workday, accept instruction, and get along with co-workers. (Tr. at 122.) Even were the court to consider those limitations in light of Dr. Bailey's additional findings that Plaintiff could perform simple and detailed instructions and engage in multi-step tasks as long as he was not working in close proximity to others, there is no evidentiary basis to consider those limitations existed during the time at issue, prior to December 31, 1994. Rather, they may form the basis for a new application for SSI benefits. Based on the medical record before this court, the onset date and the date of last insured, there is no evidence to support a conclusion the ALJ erred. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 14)** is **DENIED.**

2. Defendant's Motion for Summary Judgment dismissal **(Ct. Rec. 17)** is **GRANTED;** Plaintiff's Complaint and claims are **DISMISSED WITH PREJUDICE.**

3. The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. The file shall be **CLOSED** and judgment entered for Defendant.

DATED October 4, 2005.

                    S/ CYNTHIA IMBROGNO
                 UNITED STATES MAGISTRATE JUDGE