```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF WASHINGTON

MONTE BARTON,                  )
                               ) No. CV-05-3018-CI
          Plaintiff,           )
                               ) ORDER DENYING PLAINTIFF'S
v.                             ) MOTION TO AMEND JUDGMENT
                               )
JO ANNE B. BARNHART,           )
Commissioner of Social         )
Security,                      )
                               )
          Defendant.           )
                               )
```

BEFORE THE COURT is Plaintiff's Motion to Amend Judgment pursuant to FED. R. CIV. P. 59(e). (Ct. Rec. 23.) Attorney D. James Tree represents Plaintiff; Special Assistant United States Attorney Stephanie R. Martz represents Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 7.)

Plaintiff moves to amend the judgment in the captioned matter, contending the court committed a manifest error of law or fact by misapprehending Plaintiff's argument regarding the ALJ's alleged errors at phase two (failure to identify the demands of the past relevant work) and phase three (failure to compare the demands of the past relevant work with the residual functional capacity) of the step four assessment. Plaintiff further contends the court's decision also noted the ALJ's analysis was inadequate: "It is not clear whether the rejection of assembler or cannery worker contemplated work as routinely performed in the national economy

ORDER DENYING PLAINTIFF'S MOTION TO AMEND JUDGMENT - 1

versus performed by Plaintiff." (Ct. Rec. 21 at 7 n.4.) Plaintiff objects to the court's next comment that he did not raise an argument based on the discrepancy, noting page 19 of his brief referenced that specific page of the transcript. Additionally, the ALJ concluded Plaintiff could perform his past work as cannery worker or assembler after noting Plaintiff did not describe his past work as requiring interaction with others. Plaintiff argues the ALJ should not have relied on his omission, but rather had a duty to obtain a precise description of the particular job duties involved, including the necessary mental demands.

The government responds the reference in the footnote was to an agency note that Plaintiff could not perform his past relevant work, a worksheet developed as part of the claims process. Defendant further notes a disability adjudicator's opinion on such a worksheet was not vocational evidence. Moreover, it is argued, an agency determination at that stage of the proceedings was not before this court, as appeal lies only from the ALJ's decision. Finally, Defendant concludes it is the claimant's burden to establish at step four an inability to perform past relevant work.

At step four of the sequential process, the Commissioner examines the claimant's "residual functional capacity and the physical and mental demands" of the claimant's past relevant work, 20 C.F.R. § 404.1520(e). To find the claimant not disabled at step four, the claimant must be able to perform either (1) the actual functional demands and job duties of a particular past relevant job; or (2) the functional demands and job duties of the occupation as generally required by employers throughout the national economy. *Pinto v. Massanari*, 249 F.3d 840, 844-45 (9th Cir. 2001). Although

ORDER DENYING PLAINTIFF'S MOTION TO AMEND JUDGMENT - 2

the burden of proof is on the claimant at step four, the ALJ must make the certain factual findings to support his conclusion. SSR 82-62 (1982). The critical question here is whether the ALJ was permitted to rely on an omission as the basis of his conclusion: Plaintiff's failure to assert his past relevant work as assembler or cannery worker involved interaction with others.

At step four, the administrative law judge may rely on the claimant's description of the duties involved in past relevant work as a basis for the requisite findings. *Santiago v. Secretary of Health & Human Servs.*, 944 F.2d 1, 5 (1st Cir. 1991). Thus, the claimant has the burden of making some reasonable threshold showing that he cannot return to his former employment because of an alleged disability. *Pitchard v. Schweiker*, 692 F.2d 198, 201 (1st Cir. 1982); *Gonzalez Perez v. Secretary of Health, Education and Welfare*, 572 F.2d 886, 887 (1st Cir. 1978). To raise such an issue to the ALJ, the

> [C]laimant must produce relevant evidence of the physical and mental demands of her prior work. *Pitchard*, 692 F.2d at 201 & n.2; *see also May v. Bowen*, 663 F.Supp. 388, 394 (D. Me. 1987). That evidence may be testimonial or take the form of an historical or subjective statements made in the application or other documents provided by the agency, *id.* at 393, but claimant must at least furnish some minimal information about the activities that her past usual work required, including those which can no longer be performed. *Pelletier v. Secretary of Health, Education and Welfare*, 525 F.2d 158, 161 (1st Cir. 1975). The claimant must then describe those impairments or limitations which she says she has, see 20 C.F.R. § 404.1512, so as to "raise the point to the Secretary", *id.* at 161, how current functional capacity, or, as here, capacity in the relevant period, precludes the performance of the particular prior job. . . . In short, not only must the claimant lay the foundation as to what activities her former work entailed, but she must point out (unless obvious)--so as to put in issue--how her functional incapacity renders her unable to perform her former usual work.

ORDER DENYING PLAINTIFF'S MOTION TO AMEND JUDGMENT - 3

*Santiago,* at 5.  Here, Plaintiff did not raise the issue or alert the ALJ through his testimony that he was unable to perform his past relevant work because it involved interaction with the public or working in close proximity to others.[1]  Rather, he seemed to suggest it was the commitment of regular hours and simple repetitive work that caused him anxiety.  Accordingly,

**IT IS ORDERED** Plaintiff's Motion **(Ct. Rec. 23)** is **DENIED.**  The District Court Executive is directed to file this Order and provide a copy to counsel.

DATED November 29, 2005.

                        S/ CYNTHIA IMBROGNO
                    UNITED STATES MAGISTRATE JUDGE

---

[1] The court also notes the work, as performed in the national economy and as described in the DICTIONARY OF OCCUPATIONAL TITLES, involves a "not significant" ability to work with people.  DICOT, §§ 529.686-014, 701,687-010.

ORDER DENYING PLAINTIFF'S MOTION TO AMEND JUDGMENT - 4